UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONALD LEE REYNOLDS,<br>　　　　Plaintiff,<br>　　v.<br>CAROLYN W. COLVIN,<br>　　　　Defendant. | Case No. 13-cv-02074-JST<br><br>**ORDER GRANTING MOTION TO REMAND**<br><br>Re: ECF No. 27 |

In this appeal of the denial of benefits by the Commissioner of Social Security ("the Commissioner"), Plaintiff Reynolds moves to remand the action under 42 U.S.C. § 405(g) on the ground that new evidence that is material to the determination of whether he is disabled became available after the denial of benefits at issue. Defendant Colvin opposes the motion. For the reasons set forth below, the motion is GRANTED.

**I.　BACKGROUND**

Plaintiff Donald Lee Reynolds filed an application ("the first application") for disability benefits on February 12, 2010, alleging disability since February 7, 2007. AR 123-28. The claim was denied initially and on reconsideration. AR 64-69, 71-77. An administrative law judge ("ALJ") held a hearing on June 29, 2011, and issued a decision on September 7, 2011, finding Reynolds not disabled within the meaning of the Social Security Act. AR 12-21. The Appeals Council of the Social Security Administration denied review of this decision on April 4, 2013. AR 1-4.

Reynolds filed a second application ("the second application") for disability benefits on November 2, 2011, about two months after the first application was denied by the ALJ. In this application, Reynolds alleged disability from September 8, 2011, the day after the ALJ denied his first application for benefits. The second application was granted by the Department on Disability

1  Services on August 2, 2013, in part based on the medical opinions of Dr. Scheidemann.  See
2  Ragnes Decl., Ex. A-C.  These opinions address Reynolds' medical ailments from June 1, 2006,
3  to June 11, 2013.  Ragnes Decl., Ex. B.  Importantly, Dr. Scheidemann indicated in his notes that
4  between the date on which the hearing before the ALJ's took place, namely June 29, 2011, and the
5  date on which the ALJ denied Reynolds' first application of benefits, namely September 7, 2011,
6  Reynolds' physical condition had worsened.  See, e.g., id. (note of July 25, 2011; note of August
7  30, 2011).  These notes were not available to the ALJ prior to his determination in connection with
8  the first application.  Ragnes Decl. ¶ 5.
9  Reynolds filed this action on May 7, 2013, seeking review of the denial of the first
10 application.  ECF No. 1.  Defendant Colvin, who is the Acting Commissioner, filed an answer to
11 Reynolds' complaint and filed an administrative record on October 21, 2013.  ECF Nos. 16-17.
12 This record does not include a copy of the award of disability benefits that Reynolds received in
13 connection with the second application.  It also does not include some of the medical opinions of
14 Dr. Scheidemann that supported Reynolds' second application.[1]  See ECF No. 20.

## II.   LEGAL STANDARD

16 Under 42 U.S.C. § 405(g), any person who was denied Social Security benefits by the
17 Commissioner may obtain a review of that decision in district court.  Once an action for review is
18 filed, the district court may, on motion by the Commissioner, remand the action to the
19 Commissioner on a showing of good cause.  Additionally, the district court may order "at any
20 time" that additional evidence be taken before the Commissioner, but "only upon a showing that
21 there is new evidence which is material and that there is good cause for the failure to incorporate
22 such evidence into the record in a prior proceeding[.]"  42 U.S.C. § 405(g).  "To meet the
23 materiality requirement, the new evidence must bear directly and substantially on the matter."
24 Key v. Heckler, 754 F.2d 1545, 1551 (9th Cir. 1985).  The good cause requirement is satisfied
25 "[i]f new information surfaces after the Secretary's final decision and the claimant could not have

---

[1] The Court takes judicial notice of these documents because they are material to the Court's resolution of Reynolds' motion and because their authenticity is not disputed by the parties.  See Fed. R. Evid. 201.

obtained that evidence at the time of the administrative proceeding[.]" Id.. "The good cause requirement often is liberally applied, where . . . there is no indication that a remand for consideration of new evidence will result in prejudice to the Secretary." Burton v. Heckler, 724 F.2d 1415, 1417-18 (9th Cir. 1984) (citation omitted).  After an action has been remanded, the Commissioner shall modify or affirm its prior decision.  42 U.S.C. § 405(g).

## III.   DISCUSSION

Reynolds moves to remand this action under § 405(g) on the ground that the ALJ did not, and could not, consider the DDS's determination of disability or some of Dr. Scheidemann's medical opinions because these evidentiary materials were unavailable to the ALJ at the time he rendered his determination of "not disabled."  Reynolds argues that this new and material evidence makes the ALJ's denial of benefits "worthy of further administrative scrutiny" on remand.

Colvin opposes the motion, arguing that Reynolds's motion is premised on an incorrect reading of relevant Ninth Circuit law, and that remanding the case would absolve Reynolds of his burden to show that the Commissioner's determination was erroneous.

The Court concludes that Reynolds has met his burden to show that remand is appropriate.

The facts in this case are nearly identical to the facts in Luna v. Astrue, 623 F.3d 1032, 1034 (9th Cir. 2010).  There, the plaintiff filed a first application for disability benefits, which ultimately was denied by an ALJ.  While the appeal of the ALJ's determination was pending, the plaintiff filed a second application for disability benefits, which was granted based on a finding that the plaintiff had been disabled since one day after the day on which the ALJ found the plaintiff to be "not disabled" in connection with the first application.  The Ninth Circuit held that, in light of the award of benefits, which took place "less than a week after the ALJ denied [the] claimant's first benefits application[,] . . . remand for further factual proceedings was an appropriate remedy."  Id. at 1035.  The court reasoned that "in certain circumstances, an award based on an onset date coming in immediate proximity to an earlier denial of benefits is worthy of further administrative scrutiny to determine whether the favorable event should alter the initial, negative outcome on the claim."  Id. (citation omitted).  Such circumstances arise when it is not clear whether the plaintiff "presented different medical evidence to support the two applications"

3

or "there might be some other reason to explain" the discrepant determinations.  Id.

Here, Reynolds' initial application for benefits was denied but his second application was granted shortly after the denial.  As in Luna, the award of benefits at issue states that the onset date of disability with respect to the second application is one day after the ALJ denied the first application.  Given the "immediate proximity" of these inconsistent determinations, and given the ALJ's failure to consider certain of Dr. Scheidemann's medical opinions in reaching his conclusion, namely those written after the ALJ's hearing but before the ALJ's determination, further administrative scrutiny is appropriate to determine whether the ALJ's denial of benefits requires reconsideration.[2]

Colvin attempts to distinguish Luna on the ground that, in Luna, the Commissioner agreed with the plaintiff that the action should be remanded, whereas here, Colvin opposes remand.  This distinction is ineffectual.  As discussed above, the holding in Luna turned on whether the subsequent grant of benefits constituted new and material evidence that, on remand, could impact the Commissioner's decision as to whether to award benefits in connection with the first application.  It did not turn on whether the Commissioner had agreed that remand was appropriate, as Colvin contends.

The Commissioner also argues that "interpreting Luna as permitting per se remand would produce an absurd result" because it would "absolve" Reynolds of his burden to prove that the ALJ erred in denying him benefits. Opp'n at 6.  The Court is not persuaded by this argument, because, in granting remand, the Court is not finding that the ALJ erred.  Rather, the purpose of remand is to permit the ALJ to consider whether his denial of benefits with respect to Reynolds' first application requires reconsideration in light of the new evidence at issue.

//
//
//
//

---

[2] These opinions did not become available until after the ALJ made his determination.

## IV. CONCLUSION

Reynolds' motion to remand is GRANTED. On remand, the Commissioner shall consider the award of disability benefits in connection with Reynolds' second application, as well as all of the relevant opinions of Dr. Scheidemann, in determining whether his denial of benefits requires reconsideration.

**IT IS SO ORDERED.**

Dated: February 24, 2014

_____
JON S. TIGAR
United States District Judge