UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONALD LEE REYNOLDS,<br>Plaintiff,<br>v.<br>CAROLYN W. COLVIN,<br>Defendant. | Case No. 13-cv-02074-JST<br><br>**ORDER GRANTING MOTION FOR ATTORNEY'S FEES UNDER THE EQUAL ACCESS TO JUSTICE ACT**<br><br>Re: ECF No. 51 |

Before the Court is Plaintiff's Motion for Attorney's Fees under the Equal Access to Justice Act (EAJA). ECF No. 51. Defendant Commissioner Carolyn W. Colvin opposes the motion. ECF No. 53. For the reasons stated below, the motion is granted.

## I. BACKGROUND

This case is a Social Security action, in which the Plaintiff appealed a final decision denying his application for disability insurance. The facts of the case have previously been set out in this Court's prior order granting summary judgment in part to Plaintiff and remanding for additional proceedings. ECF No. 49.

Plaintiff Donald Lee Reynolds claims disability beginning on February 7, 2007. Administrative Record ("AR"), ECF No. 42 at 125. Reynolds is a fifty-three-year-old man who was last employed as a truck driver. AR 125, 139. In this job, he delivered water to construction sites and washed down parking lots. AR 153. He left work on September 15, 2009, due to obesity, coronary artery disease, degenerative arthritis of the lower spine, and a heart attack that occurred on February 7, 2007. AR 151, 158.

Reynolds filed his application for disability benefits on February 12, 2010. AR 125. His claim was denied by the Social Security Administration on April 12, 2010, and denied again upon reconsideration on July 27, 2010. AR 64-68, 71-76. An administrative law judge ("ALJ") heard

Reynolds's case on June 29, 2011, and issued an unfavorable decision on September 7, 2011. AR 9-21. The Appeals Council of the Social Security Administration denied review of this decision on April 4, 2013. AR 1-4. Reynolds filed this action on May 7, 2013, seeking review of the denial. ECF No. 1.

Reynolds also filed a second application for disability benefits, alleging disability beginning on September 8, 2011. Declaration of Andrew Ragnes in Support of Motion to Remand ("Ragnes Decl."), ECF No. 29, Ex. A. The Social Security Administration granted this application on August 2, 2013, based in part on the medical opinions of treating physician Dr. Wayne Scheidemann. Id. Exs. A-C. Because certain of these opinions were written after the ALJ's hearing but before the determination and were not available to the ALJ, this Court granted Reynolds' motion to remand this case to the Commissioner to determine whether the initial denial required reconsideration in light of Reynolds's successful second application and the relevant opinions of Dr. Scheidemann. ECF No. 36.

The ALJ conducted a second hearing on November 6, 2014, and issued a new, partially favorable decision on December 23, 2014, finding that Reynolds was not disabled prior to November 15, 2009, but became disabled on that date and continued to be disabled through the date of the decision. AR 390-400. In reaching these conclusions, the ALJ found that although "the claimant's medically determinable impairments could reasonably be expected to cause the alleged symptoms . . . the claimant's statements concerning the intensity, persistence, and limiting effects of these symptoms are not entirely credible prior to November 15, 2009." AR 396. She based the November 15, 2009 onset date on Dr. Scheidemann's report that the "claimant's conditions had gradually worsened at that time to the point of his inability to work." AR 396. However, the ALJ discredited Dr. Scheidemann's October 2011 statement that Reynolds became disabled in 2007 as inconsistent with contemporaneous treatment records. AR 397. She found Reynolds's testimony consistent with the November 15, 2009 date because, inter alia, "[h]e testified that he did not have any ongoing heart issues after his heart attack in 2007 and that his lower back and hips began to hurt significantly in May 2009." AR 397.

On March 24, 2015, pursuant to the parties' stipulation, the Court reopened the case. ECF

No. 40.  Reynolds filed his motion for summary judgment on May 29, 2015.  ECF No. 44.  The Commissioner filed her opposition and cross-motion for summary judgment on June 26, 2015.  ECF No. 45.  On September 14, 2015, the Court granted summary judgment in part to Plaintiff, denied summary judgment to Defendant, and remanded the case for additional proceedings.  ECF No. 49.

The Court's September 14, 2015 order held that the ALJ erred in its finding that Reynolds's testimony was not credible.  As the Court explained:

> If the claimant satisfies the first step of this analysis, and there is no evidence of malingering, 'the ALJ can reject the claimant's testimony about the severity of her symptoms only by offering specific, clear and convincing reasons for doing so.'" Garrison v. Colvin, 759 F.3d 995, 1014-15 (9th Cir. 2014) (quoting Smolen v. Chater, 80 F.3d 1273, 1281 (9th Cir. 1996)).[]  "[G]eneral findings are an insufficient basis to support an adverse credibility determination."  Holohan v. Massanari, 246 F.3d 1195, 1208 (9th Cir. 2001).  Rather, "the ALJ must specifically identify the testimony she or he finds not to be credible and must explain what evidence undermines the testimony.  Id.

ECF No. 49 at 8-9.  In this case, however, the ALJ failed to explain what testimony she found to be not credible or what evidence undermined Reynolds's testimony.  Id. at 10.  Instead, she only explained why Reynolds's testimony was consistent with her holding that his disability began on November 15, 2009.  Id.  This was legal error.  In addition, the Court explained that "[w]here an ALJ does not provide clear and convincing reasons to exclude the claimant's statements regarding his pain and symptoms from her assessment of the claimant's R[esidual] F[unctional] C[apacity], substantial evidence does not support that assessment."  Id. at 11 (citing to Lingenfelter v. Astrue, 504 F.3d 1028, 1040-41 (9th Cir. 2007)).  Therefore, it also granted summary judgment on this issue.

Plaintiff filed the instant motion for attorney's fees under the EAJA on December 10, 2015.  ECF No. 51.  The Commissioner filed a response opposing the motion on December 22, 2015, ECF No. 53, and Plaintiff replied on January 6, 2016, ECF No. 54.

## II. DISCUSSION

28 U.S.C. § 2412(d)(1)(A) provides as follows:

> Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses, in addition to any costs awarded pursuant to subsection (a), incurred by that party in any civil

3

action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

The parties do not dispute that Plaintiff's motion for EAJA fees was timely brought within 30 days of when the Court's order granting summary judgment in part to Plaintiff became final. See ECF No. 51 at 5.  They also do not dispute that Plaintiff was the prevailing part by virtue of the Court's decision granting summary judgment in part and remanding the case back to the ALJ.[1] See ECF No. 51 at 5, ECF No. 49.

Instead, the Commissioner opposes Plaintiff's motion on two grounds: first, that the position of the United States in the litigation was substantially justified, and second that Plaintiff's request for fees is unreasonable.  The Court concludes that neither argument is persuasive.

### A. "Substantially Justified"

The government bears the burden of showing that its position was substantially justified. See Gutierrez v. Barnhart, 274 F.3d 1255, 1258 (9th Cir. 2001).  This requires the government to show that it was "justified in substance or in the main—that is, justified to a degree that could satisfy a reasonable person." Pierce v. Underwood, 487 U.S. 552, 565 (1988).  "Put differently, the government's position must have a 'reasonable basis both in law and fact.'" Meier v. Colvin, 727 F.3d 867, 870 (9th Cir. 2013) (quoting Pierce, 487 U.S. at 565).

As many courts have noted, the test for substantial justification under the EAJA bears a close resemblance to the test for reviewing whether an agency decision is supported by substantial evidence, or whether the record contains "such relevant evidence as a reasonable person might accept as adequate to support a conclusion." Lingenfelter v. Astrue, 504 F.3d 1028, 1035 (9th Cir. 2007).  Indeed, when asked to define the phrase "substantially justified" in the EAJA's language, the Supreme Court turned to the substantial evidence standard as a close analogy, noting that it is "regularly" used during "[j]udicial review of agency action" under the Administrative Procedure Act. Pierce, 487 U.S. at 565.

---

[1] The Commissioner does challenge Plaintiff's assertion that the parties "voluntarily stipulated to judgment for Plaintiff and against Defendant."  ECF No. 51 at 5; see also ECF No. 53 at 5.  Because this factual dispute is not germane to this motion, the Court does not address it.

4

1    Accordingly, "given the significant similarity" between the two standards, the Ninth
2    Circuit has explained that a "'holding that the agency's decision . . . was unsupported by
3    substantial evidence is . . . a strong indication that the position of the United States . . . was not
4    substantially justified.'" Meier v. Colvin, 727 F.3d 867 (9th Cir. 2013) (quoting Thangaraja v.
5    Gonzales, 428 F.3d 870, 874 (9th Cir. 2005)). "Indeed, it will be only a 'decidedly unusual case
6    in which there is substantial justification under the EAJA even though the agency's decision was
7    reversed as lacking in reasonable, substantial and probative evidence in the record.'" Thangaraja,
8    428 F.3d at 874 (quoting Al-Harbi v. I.N.S., 284 F.3d 1080, 1085 (9th Cir. 2002)).

9    Here, the Court has held that the ALJ incorrectly found Reynolds's testimony to not be
10   credible because she failed to identify specific evidence or testimony supporting that conclusion,
11   and further that her residual functional capacity determination was therefore not supported by
12   substantial evidence. See ECF No. 49. In the face of this, the Commissioner argues that her
13   position was nevertheless substantially justified, but provides no support for this position other
14   than repeating the same arguments made on summary judgment. See ECF No. 53 at 3-4. These
15   contentions have already been rejected by the Court. See Meier v. Colvin, 727 F.3d 867, 872-73
16   (9th Cir. 2013); Mattson v. Astrue, No. 6:11-CV-241-MC, 2013 WL 6096327, at *3 (D. Or. Nov.
17   20, 2013) (both rejecting defenses of the government's litigation positions because they largely
18   reiterate arguments already rejected by the court). Moreover, the Commissioner never engages
19   with the error at the core of the Court's holding, which was the ALJ's failure to identify the
20   testimony that was not credible or the evidence that undermined Reynolds's credibility. Given
21   these flaws, the Commissioner has not shown that this is the "decidedly unusual case" in which
22   the ALJ's decision was not supported by substantial evidence and yet the government's position
23   was substantially justified.

24   **B.    Reasonableness of Requested Fees**

25   28 U.S.C. § 2412(d)(2)(A) provides that the "fees and other expenses" awardable under the
26   EAJA "includes the reasonable expenses of expert witnesses, the reasonable cost of any study,
27   analysis, engineering report, test, or project which is found by the court to be necessary for the
28   preparation of the party's case, and reasonable attorney fees." In Hensley v. Eckerhart, 461 U.S.

424, 434 (1983), the Supreme Court explained that a determination of whether requested fees are reasonable should focus on the "crucial" factor of the "results obtained." See also Commissioner, I.N.S. v Jean, 496 U.S. 154, 161 (1990) (holding that the test for reasonable attorney's fees under the EAJA is "essentially the same" as the test for reasonable fees under 42 U.S.C. § 1988 described in Hensley). The court should ask whether "the plaintiff fail[ed] to prevail on claims that were unrelated to the claims on which he succeeded," and whether "the plaintiff achieve[d] a level of success that makes the hours reasonably expended a satisfactory basis for making a fee award." Hensley, 461 U.S. at 434. "Where a plaintiff has obtained excellent results, his attorney should recover a fully compensatory fee. Normally this will encompass all hours reasonably expended on the litigation, and indeed in some cases of exceptional success an enhanced award may be justified." Id. at 435. On the other hand, "[i]n some cases a plaintiff may present in one lawsuit distinctly different claims for relief that are based on different facts and legal theories," and if only one of these claims is successful, "work on an unsuccessful claim cannot be deemed to have been expended in pursuit of the ultimate result achieved." Id. at 434-35 (internal quotation marks omitted).

In this case, the Commissioner challenges several fee requests. First, she notes what appears to be a duplicate entry for $187.50 on December 9, 2014. See ECF No. 53 at 6. The Plaintiff has acknowledged this is a duplicate and agreed to remove it from his requested fees. ECF No. 54 at 4. Second, she challenges fees for responding to an Order to Show Cause and requesting extensions of time. ECF No. 53 at 5. Third, she challenges fees for the filing of two exhibits which were eventually struck by the Court on the Commissioner's motion. Id. Finally, she challenges several fees because they appear to involve "two people [who] were working on the same documents with a significant amount of time spent reviewing the same documents and each other's work." Id. at 6.

With the exception of the acknowledged duplicate entry, the Commissioner fails to explain why any of the challenged fee requests are unreasonable. The Plaintiff argued for and successfully obtained a grant of summary judgment and a remand to the ALJ for reconsideration of the ALJ's holding that he was not disabled until November of 2009. The fees requested by Plaintiff were all

part of his efforts to pursue and obtain that favorable result. The Commissioner offers no support or justification for why requests for filing extensions, the filing of certain exhibits that are eventually struck, or reviews of the same document by multiple people are unreasonable. On the contrary, none of these strike the Court as particularly unusual events in the course of typical litigation.

The Commissioner also argues that Plaintiff's fee requests are unreasonable because he "failed to prevail on 80% of the arguments he proffered" and does not specify how much time he dedicated to each of his arguments. The Commissioner misrepresents the law under <u>Hensley v. Eckerhart</u>. "Litigants in good faith may raise alternative legal grounds for a desired outcome, and the court's rejection of or failure to reach certain grounds is not a sufficient reason for reducing a fee. The result is what matters." <u>Hensley</u>, 461 U.S. at 435.

Accordingly, Plaintiff's fee requests, with the exception of the duplicate entry, are reasonable. Plaintiff also requests additional fees for litigating this motion in response to the Commissioner's opposition. ECF No. 54 at 4. This request is also reasonable.

## CONCLUSION

Plaintiff's motion for attorney's fees under the EAJA is granted. The Court hereby orders an award of $14,681.11 in EAJA attorney's fees payable to Plaintiff.[2]

IT IS SO ORDERED.

Dated: January 21, 2016

_____
JON S. TIGAR
United States District Judge

---

[2] This amount represents the amount prayed for in Plaintiff's reply brief (omitting the duplicate entry), as well as 2.5 hours to attend and argue at the hearing on this motion.

7